UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

IMMANUEL BAPTIST CHURCH
OF ROGERS, ARKANSAS, INC.,                                                                          PLAINTIFF

No. 5:21-CV-05208

BROTHERHOOD MUTUAL INSURANCE COMPANY                                        DEFENDANT

**OPINION AND ORDER**

  Before the Court is Defendant Brotherhood Mutual Insurance Company's unopposed motion (Doc. 11) for protective order and proposed protective order (Doc. 12). The parties seek protection of confidential, sensitive, or proprietary information. For the reasons set forth below, the Court will GRANT the motion and enter a revised protective order.

  Federal Rule of Civil Procedure 26(c)(1)(G) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "requiring that . . . confidential . . . commercial information not be revealed or be revealed only in a specific way." "The burden is therefore upon the movant to show the necessity of its issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (citing Wright & Miller, *Federal Practice and Procedure: Civil* § 2035 at 264-65).

  With one caveat, the parties have shown good cause for the entry of a protective order as to documents containing confidential and/or proprietary information. Confidential commercial information falls squarely within the ambit of Rule 26(c). "Where discovery of confidential commercial information is involved, the court must 'balance the risk of disclosure to competitors against the risk that a protective order will impair prosecution or defense of the claims.'" *Bussing v. COR Clearing, LLC*, No. 12CV238, 2015 WL 4077993, at *2 (D. Neb. July 6, 2015) (quoting

1

*Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2007)). Here, entry of a protective order will impair neither prosecution nor the defense of the claims because the parties are in agreement as to the proposed protective order. The Court finds that good cause has been shown for the entry of a protective order regarding the following types of confidential commercial information that are listed in paragraph 3 of their proposed protective order: (a) internal claims communications and documents of the defendant; (b) income tax records and financial records of the parties; and (c) underwriting materials of the defendant.

However, the parties' proposed protective order also states, without any further elaboration, that confidential documents "shall be deemed to include but not limited to" the three categories of documents listed above. This definition is too vague to adequately identify what items may be subject to the proposed protective order, because its "but not limited to" language expands the universe of potentially confidential documents to include literally any conceivable document. Therefore the proposed language of "but not limited to" will not be included in the protective order entered by the Court in this matter.

The Court will separately enter a revised protective order which includes the aforementioned amendment, and which complies with the Court's standard procedure for filing documents under seal; permits retention of documents when required by law, regulation, court order, or other professional obligation; clarifies that the use of confidential information at trial or hearing is outside the scope of the protective order; and clarifies that the Court and court personnel are authorized to view protected information.

IT IS SO ORDERED this 18th day of August, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE