UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

IMMANUEL BAPTIST CHURCH OF ROGERS,
ARKANSAS, INC.                                                                                                PLAINTIFF

v.                                              No. 5:21-cv-05208

BROTHERHOOD MUTUAL INSURANCE
COMPANY                                                                                                        DEFENDANT

## OPINION AND ORDER

Before the Court is Defendant Brotherhood Mutual Insurance Company's ("Brotherhood") motion to quash. (Doc. 39). Plaintiff Immanuel Baptist Church of Rogers, Arkansas, Inc. ("Immanuel") has filed a response. (Doc. 42). For the reasons set forth below, the motion is GRANTED IN PART AND DENIED IN PART.

Immanuel wishes to depose Brotherhood's outside counsel, Jennifer Gibbs, and compel the production of her entire case file in a related matter. (Doc. 39-1). Brotherhood seeks to quash Ms. Gibbs' subpoena, which it characterizes as untimely and violating attorney-client privilege. *See generally* Doc. 39. Immanuel points out that Brotherhood has only recently asserted reliance on Ms. Gibbs' advice to defend against Immanuel's bad-faith claim. (Doc. 42, p. 3). It claims that this defense waives the attorney-client privilege between Ms. Gibbs and Brotherhood. *Id.* at 5.

As an initial matter, the Court finds that the timing of the subpoena was appropriate. It is true that the subpoena at issue was dated February 10, whereas the cutoff date for discovery in this matter was January 16. (Doc. 39-1; Doc. 17). However, as Immanuel points out, Brotherhood first raised Ms. Gibbs' "independent" advice as a defense to bad faith on January 25. (Doc. 33, p. 3). Issuing a subpoena two weeks afterward was not unreasonable delay, especially given that Immanuel also had to respond to Brotherhood's motion for summary judgment during that time

1

period. Accordingly, the Court is willing to grant an exception to its scheduling order so that Ms. Gibbs may be subpoenaed.

Brotherhood also raises the issue of attorney-client privilege. The privilege issue in this case revolves around the four so-called "Zelle Letters" sent to Immanuel by Ms. Gibbs before the present action commenced. These letters stated Brotherhood's refusal to work with Immanuel's project manager, Randy Smith, and Brotherhood's legal rationale for not doing so. Immanuel cited the letters as evidence of bad faith in its complaint. (Doc. 3, p. 2). The letters themselves, having been addressed to a third party, are clearly not privileged. *United States v. Davis*, 583 F.3d 1081, 1090 (8th Cir. 2009) ("comments to a third party, here an adversary, are not confidential attorney-client communications").

The dispute between the parties concerns how the letters came to be. In its Statement of Facts (Doc. 33), Brotherhood claims that the issue with Mr. Smith was "discovered" by its outside counsel while said counsel performed an "independent review of the claim to determine whether an appraisal process was viable." (Doc. 33, p. 3). Counsel then "alerted" Brotherhood to the issue and "offered the opinion to Brotherhood that Mr. Smith's actions" were impermissible. *Id.* Then, "[h]aving determined Mr. Smith's actions to be legally impermissible," Brotherhood's counsel "sent a letter to the plaintiff advising the church of its conclusion and indicating that Brotherhood would not be able to work directly with Mr. Smith on the claim moving forward." *Id.* Immanuel, by contrast, claims that Brotherhood reached out to its outside counsel "for the stated purpose of 'raising the issue of Randy [Smith] not being legally permitted to represent the church.'" (Doc. 38, p. 8 (quoting Doc. 38-12)).

"Voluntary disclosure of attorney client communications expressly waives the privilege [as to] any information directly related to what was actually disclosed." *United States v. Workman*,

2

138 F.3d 1261, 1263 (8th Cir. 1998).  Here, Brotherhood has disclosed in its statement of facts that it was advised by outside counsel, on outside counsel's own initiative, that Brotherhood could no longer work with Mr. Smith.  This disclosure of the content and circumstances of an attorney-client communication is sufficient for waiver under *Workman* of "any information directly related to" the decision not to work with Mr. Smith.  Therefore, the Court will allow Immanuel to depose Ms. Gibbs regarding any discussions and decisions about Brotherhood's refusal to work with Mr. Smith.  The Court will also allow the issuance of a subpoena for such portions of the case file as are "directly related" to these issues.  However, the Court will not compel the production of the entire case file or any deposition testimony which is not "directly related" to these issues.

IT IS THEREFORE ORDERED that Defendant's motion to quash (Doc. 39) is DENIED with respect to testimony and materials "directly related" to the discussions and decisions about Defendant's ability to work with Mr. Smith.  It is otherwise GRANTED.

IT IS SO ORDERED this 22nd day of February, 2023.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE

3